IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN A. TESTERMAN, )
)
          Plaintiff, )
)
vs. ) Case Number CIV-08-714-C
)
MICHAEL J. ASTRUE, Commissioner )
of the Social Security Administration, )
)
          Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff's application for Disability Insurance Benefits was denied by the Social Security Administration. Plaintiff then filed the present action seeking review of the agency's decision. On February 10, 2009, the Court entered judgment, reversing the final decision of the Commissioner of the Social Security Administration. The Court also granted Plaintiff's application for EAJA fees in the amount of $4,151.40. On remand, the Commissioner found that Plaintiff had been disabled since 2003 and awarded past-due benefits in the amount of $114,910.00.

The contingent-fee agreement executed between Plaintiff and his court-level counsel, the Troutman firm (the firm), indicates that, if Plaintiff were awarded benefits, he would pay the firm a fee equal to 25% of his past-due benefits. The contract further provides that Plaintiff assigns his right to any EAJA fees awarded to the firm in partial payment of his attorney's fees. The Commissioner issued a notice of the benefits award on October 8, 2009, and the firm received a copy of the notice on November 13, 2009.

The firm then filed the present motion for attorney's fees pursuant to 42 U.S.C. § 406(b), requesting an award of $16,350.00, less than 25% of Plaintiff's past-due benefits. The firm contends that it should receive this amount from the funds currently withheld by the agency. It then intends to refund to Plaintiff the $4,151.40 in EAJA fees already awarded to Plaintiff.

> According to 42 U.S.C. § 406(b)(1)(A),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Courts may make such an award when they remand for further proceedings, as long as the claimant is ultimately found to be entitled to past-due benefits. See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006). Where a contingent-fee agreement is in place, district courts must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). An award should also be reduced "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." Id. Whenever fees are awarded under both § 406(b) and the EAJA, "the claimant's attorney 'must refun[d] to the claimant the amount of the smaller fee.'" Id. at 796 (citation omitted).

> If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference. At that

2

> point, the attorney stands on the same level as other judgment creditors in attempting to collect.

Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).

The Commissioner questions the timeliness of Plaintiff's motion for attorney's fees. While § 406(b) itself imposes no specific time limit, the Tenth Circuit requires such requests for fees to be made "within a reasonable time of the Commissioner's decision awarding benefits." McGraw v. Barnhart, 450 F.3d 493, 504 (10th Cir. 2006). The Commissioner awarded Plaintiff past-due benefits on October 8, 2009. The firm received a copy of the notice on November 13, 2009. The present request for fees was filed on November 18, 2009. The Court does not find this to be an unreasonable lapse of time, and therefore Plaintiff's motion will be considered timely. Accordingly, the Court will turn to a consideration of the reasonableness of the requested fee.

Here, Plaintiff's counsel seeks a fee award in the amount of $16,350.00 for 25.2 hours of work. (See Dkt. No. 23, p. 4). The Court finds this to be a reasonable fee for the work performed. There is no indication that the firm was responsible for any sort of delay in the proceedings, and the time spent in handling the case does not seem unduly small in comparison to the benefits awarded. Additionally, there is nothing to suggest that the character of the representation or the results achieved were in any way deficient. Because the firm has already received an award under the EAJA, Plaintiff is entitled to a refund of the smaller fee, which in this case would be the $4,151.40 awarded in EAJA fees.

Accordingly, Plaintiff's Motion for Attorney Fees (Dkt. No. 23) is GRANTED. Plaintiff's attorney is awarded a fee in the amount of $16,350.00 pursuant to 42 U.S.C. § 406(b). The Commissioner shall disperse $16,350.00 from the amount it continues to hold from Plaintiff's back benefits for payment of fees to the firm of Troutman & Troutman, P.C., in the name of Steve A. Troutman. Because Plaintiff was previously awarded fees under the EAJA, he is entitled to a refund of the smaller EAJA award.

IT IS SO ORDERED this 17th day of February, 2010.

ROBIN J. CAUTHRON
United States District Judge